**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.: 1:23-cv-24482**

NURY GARCIA,

    Plaintiffs,

v.

NATIONAL SPECIALTY INSURANCE COMPANY,

    Defendant.

_____/

**NOTICE OF REMOVAL**

To:    The Honorable Judges of the United States District Court
       for the Southern District of Florida

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, National Specialty Insurance Company ("National" or "Removing Party"), removes to this Honorable Court the instant action from the Circuit Court of the Eleventh Judicial Circuit in and for Palm Beach County, Florida, to the Miami Division of the United States District Court for the Southern District of Florida, and would respectfully show unto the Court as follows:

1. Plaintiff, Nury Garcia, commenced the above-entitled action in the Eleventh Judicial Circuit Court in and for Miami-Dade County, State of Florida (Case No.: 2023-024395-CA-01)) (the "State Court Action"), on or about October 12, 2023, and it is now pending in that Court.

2. National is the sole Defendant in the State Court Action.

3. The State Court Action is removable to the United District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1332, based upon complete diversity of citizenship of the parties and satisfaction of the requisite amount in controversy.

4. Because Miami-Dade is within the Miami Division of the United States District Court for the Southern District of Florida, venue is proper in the Miami Division of this Court. 28 U.S.C. §§ 1391(a), 1441(a); § 5H General Civil Case Filing Requirements.

5. On October 24, 2023, Plaintiff caused the Chief Financial Officer of the State of Florida to be served with the Summons and Complaint in the State Court Action pursuant to Section 48.151 (3), Fla. Stat. (2023).

6. On October 26, 2023, the Florida Chief Financial Officer emailed a copy of the Summons and Complaint to National pursuant to Section 48.151 (1), Fla. Stat. A true and correct copy of the Notice of Service of Process with the Complaint and Summons are attached hereto as "**Exhibit 1**."

7. Service of process on National was not complete until October 26, 2023. Section 48.151 (1)., Fla. Stat.

8. The thirty-day deadline for removal does not begin to run until, at the earliest, when the Chief Financial Officer mails the Summons and Complaint to the Defendant. *Masters v. Nationwide Mut. Fire Ins. Co.,* 858 F Supp 1184 (M.D Fla.1994); *Morse, LLC v. United Wis. Life Ins. Co.,* 356 F. Supp. 2d 1296, 1298 (S.D. Fla. 2005); or as late as when the Defendant actually receives the copy of the Summons and Complaint mailed by the Florida Chief Financial Officer. *Sands Point Ocean Beach Resort & Condo. Assoc. v. QBE Ins. Corp.*, No. 07-21329-Civ-Altonaga, 2007 WL 1805795, at *1 (S.D. Fla. 2007); *The*

*Meadows Springlake Condo. Ass'n v. Allstate Ins. Co.,* No. 08-1282-Civ, 2006 WL 2864313, *3 (M.D. Fla. 2006).

9. No previous application for removal has been made.

10. This Notice is filed within thirty (30) days after the mailing of the Summons and Complaint by the Florida Chief Financial Officer in accordance with Section 48.151(1) Fla. Stat.  This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

11. At the time that Plaintiff filed their Complaint in the State Court Action, and at the time of filing this Notice of Removal, complete diversity existed between Plaintiff and Defendant to this action pursuant to 28 U.S.C. § 1332.

12. Both at the time the Complaint was filed, and at the time of removal, Plaintiff was a citizen and resident of Miami-Dade County, Florida pursuant to 28 U.S.C. § 1332. *See* Compl. ¶ 2.; *see also true and correct copies of the Miami-Dade County Property Report and Life-Estate Deed as "**Composite Exhibit 2**."*

13. As evidenced in Exhibit 2, Plaintiff claims a Homestead exemption on the subject property. *Smyth v. Hillstone Rest. Grp., Inc.,* No. 13-80217-CIV, 2013 WL 2048188, at *2 (S.D. Fla. May 14, 2013) (proof of Florida domicile may include, inter alia, ownership of a residence in Florida for which the Plaintiff claims a Homestead exemption); *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *3 (S.D. Fla. June 1,

2009) ("It is well established that a party's residence is *prima facie* evidence of a party's domicile.").

14. As to the citizenship of the National, a corporation, it is a citizen of the state in which it is incorporated, the foreign state in which it is incorporated, and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011).

15. National is incorporated domestically in Texas, and its principal place of business is 1900 L Don Dodson Drive, Bedford, Texas 76021. *A true and correct copy of the 28 U.S.C. § 1746 Declaration of James Lowe is attached hereto as "**Exhibit 3.**" See also National Specialty Insurance Corporation Florida Division of Corporations Annual Report Dated April 5, 2023 attached hereto as "**Exhibit 4.**"*

16. National is neither incorporated nor does it maintain its principal place of business in Florida.

17. Therefore, both at the time the Complaint was filed, and at the time of removal, National is a citizen of Texas.

18. Accordingly, because Plaintiff is a citizen of Florida and National is a subject of a foreign state, complete diversity exists under 28 U.S.C. § 1332. This Court, therefore, has jurisdiction.

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

19. When a plaintiff does not plead a specific amount of damages in their complaint, a Defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds $75,000 in order to establish federal jurisdiction. *Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d 1341, 1344 (M.D. Fla. 2020).

20. "A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. Neither is the removing defendant required to research, state and prove the plaintiff's claim for damages against itself. Instead, a removing defendant must prove only by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Vaughn v. 21st Century Sec. Ins. Co.*, No. 3:12CV410/MCR/CJK, 2012 WL 5904323, *2 (N.D. Fla. 2012). Moreover, "a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (internal citations omitted).

21. "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. In addition to filing a notice of removal, defendants may introduce their own affidavits, declarations, or other documentation in order to satisfy the jurisdictional requirements of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 755 (11th Cir. 2010) (internal citations omitted). A removing defendant may make specific factual allegations establishing jurisdiction and may support them with "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.* at 754. This evidence may be presented

with the filing of the notice of removal, or after the filing of the notice of removal.[1] *Id.* at 772-74.

22. A court may consider a settlement offer made by the plaintiff to determine the amount in controversy. *Poltar*, 473 F. Supp. 3d at 1344 ("There is no question that a Court may consider a settlement offer made by a plaintiff in determining if diversity jurisdiction exists."); *Gehl v. Direct Transp., Ltd.*, No. 6:12-cv-1869-Orl-31DAB, 2013 WL 424300, at *3 (M.D. Fla. Feb. 4, 2013) ("A plaintiff's settlement demand or a plaintiff's response to a settlement offer is some evidence of the amount in controversy.").

23. Here, the Complaint only states that Plaintiff seeks damages in excess of $50,000. *See Compl.* ¶ 1.

24. Nevertheless, prior to the initiation of the State Court Action, Plaintiff provided National with a Notice of Intent to Initiate Litigation ("Notice of Intent"), forwarded by the Department of Financial Services, and included an estimate alleging their damages to be $110,287.00. *See Ex. 3*.

25. Additionally, National received a Sworn Proof of Loss, notarized by the Plaintiff, from Plaintiff's representatives for the same amount. *Id.*

26. While National is not in agreement with Plaintiff's assertions in the Notice of Intent and the Sworn Proof of Loss, Plaintiff has reached this valuation, and the Notice

---

[1] While Defendant believes that the evidence presented with this notice is sufficient to establish this Court's jurisdiction, Defendant respectfully requests leave to supplement this evidence with additional information should the Court have any concern as to the sufficiency of the jurisdictional evidence, or in connection with any related motion practice.

of Intent and Sworn Proof of Loss are the Plaintiff's view of the amount in controversy, which exceeds $75,000. *Id.*

27.     Additionally, in the Civil Cover Sheet filed by the Plaintiff for this lawsuit, Plaintiff stated the amount of claim was "over $100,000.00" *A true and correct copy of the Civil Cover Sheet is attached hereto as* **Exhibit 5**.

28.     Thus, based on the Complaint and the evidence provided by National, the total amount in controversy pursuant to 28 U.S.C. § 1332, both at the time the Complaint was filed and at the time of removal, exceeds the sum or value of $75,000, exclusive of interest and costs.

## REMOVAL IS OTHERWISE PROPER

29.     Pursuant to 28 U.S.C. § 1441(a), this Court is the proper forum for removal of the Action because it is the federal court for the district and division embracing the place where the State Court Action is pending.

30.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, papers, and orders served upon National in the State Court Action are being provided to the Court with this Notice, attached hereto as **Composite Exhibit 6**.

31.     Pursuant to 28 U.S.C. § 1446(b), this removal was timely effectuated within 30 days of service of process.

32.     Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with written notice of the filing of this Notice of Removal and a copy of this Notice of Removal is being filed with the Clerk of the Court for the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

33. By filing this Notice of Removal, National does not intend to waive any available defenses; no admission of fact, law or liability is intended by this Notice of Removal; and all defenses, affirmative defenses and motions are hereby reserved.

34. National respectfully reserves the right to amend or supplement this Notice of Removal, and respectfully reserves the right to submit evidence supporting this Notice of Removal should Plaintiff move to remand this action to state court.

35. National also respectfully reserves the right to assert any defenses to these causes of action stated in the Complaint, including, but not limited to, their right to object to personal jurisdiction and subject-matter jurisdiction.

**WHEREFORE**, please take notice that Defendant, National Specialty Insurance Company, removes this case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, and respectfully requests that the Court exercise jurisdiction over this matter and proceed with resolution of this case as if it had been originally filed herein.

Dated: November 27, 2023.

>                         LYDECKER LLP
>                         Attorneys for Defendant
>                         1221 Brickell Avenue, 19th Floor
>                         Miami, Florida 33131
>                         Telephone: (305) 416-3180
>                         Facsimile:  (305) 416-3190
>
> By:     /s/ *Michelle Diverio, Esq*
>                         Michelle Diverio, Esq.
>                         Florida Bar Number: 60392
>                         Troy Darmanin, Esq.
>                         Florida Bar Number: 117669

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on November 27, 2023. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of parties of record on the Service List below.

/s/ *Michelle Diverio, Esq.*
Michelle Diverio, Esq.

## SERVICE LIST

Mario Enriquez, Esq.
Ramirez Enriquez, PLLC
221 Aragon Avenue, Suite 200
Coral Gables, Florida 33134
Telephone (305) 722-5357
Primary: ME@RamirezEnriquez.com
Secondary: service@RamirezEnriquez.com
Counsel for Plaintiff